UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOAN BUCHANAN,

      Plaintiff,

v.                                     CASE NO. 3:11-cv-193-J-34JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

      Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss ("Motion") (Doc. 10) and Plaintiff's Response thereto ("Response") (Doc. 12). The gravamen of Defendant's Motion is that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) because the Complaint is not timely filed. (Doc. 10.) For the reasons stated herein, the Court finds it appropriate to defer its ruling on the Motion and to allow Plaintiff an opportunity to file an amended complaint.

Plaintiff filed her *pro se* Complaint in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, on January 26, 2011.[1] (Doc. 3.) On March

---

[1] Plaintiff's Complaint provides:
Back in 1998, I filed for my disability and I was denied. Several time [sic] afterwards as well. I recently won my case in court and the judge ruled in my favor. He told me I can file a civil action against Social Security
(continued...)

3, 2011, Defendant removed the action to this Court and filed the present Motion on April 29, 2011. (Docs. 1, 10.)

Defendant assumes that Plaintiff's Complaint seeks judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), dated October 29, 2010, on her application for Disability Insurance Benefits ("DIB") filed on March 18, 2009 and her application for Supplemental Security Income ("SSI") filed on December 8, 2008. (*See* Docs. 3, 10.) In his final decision, the Commissioner found Plaintiff disabled since December 8, 2008, the date of her SSI application, and denied her request for a hearing with respect to her DIB claim based on the doctrine of *res judicata*. (*Id.*)

Defendant argues that Plaintiff's Complaint should be dismissed because it was filed more than sixty days after receipt of the Commissioner's final decision and because equitable tolling does not apply in this case. (Doc. 10.) Defendant also argues that the ALJ properly applied the doctrine of *res judicata* by dismissing Plaintiff's request for a hearing on her DIB claim. (*Id.*)

Plaintiff's Response does not clearly address any of Defendant's arguments. (*See* Doc. 12.) Assuming that Plaintiff attempts to challenge the Commissioner's final decision, the Court is unable to determine whether equitable tolling of the sixty-day period applies in this case, *see, e.g., Bowen v. City of New York*, 476 U.S. 467,

---

[1](...continued)
 Administration if I can prove that I filed in 1998. I have that proof.
(Doc. 3.)

469-82 (1986), and more specifically, whether Plaintiff has shown extraordinary circumstances for such tolling, *Jackson v. Astrue*, 506 F.3d 1349 (11th Cir. 2007). Further, the Court is unable to determine whether Plaintiff wants to challenge the Commissioner's decision to the extent it is based on *res judicata*, and whether Plaintiff attempts to obtain judicial review of any denial of a petition to reopen the decision based on constitutional grounds or based on reconsideration at any administrative level, *see* 20 C.F.R. §§ 404.987, 404.988; *Califano v. Sanders*, 430 U.S. 99, 109 (1977); *Loudermilk v. Barnhart*, 290 F.3d 1265, 1268 (11th Cir. 2002) (per curiam); *Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996).

To clarify these issues and avoid any risk of rewriting Plaintiff's Complaint, *see Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993), Plaintiff will be provided with an opportunity to amend her Complaint. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (stating that the pleadings of *pro se* litigants must be liberally construed and "are held to less stringent standards than formal pleadings drafted by lawyers"); *see also Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (per curiam) (stating that before dismissing an action pursuant to Section 1915, the Court should permit a *pro se* litigant the opportunity to amend the pleading).

The amended complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought."

Fed. R. Civ. P. 8(a). The amended complaint must show the plausibility of any claim stated. *See Ashcroft v. Iqbal* 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). The amended complaint must describe the type(s) of claim(s) Plaintiff asserts and the basis thereof. If Plaintiff attempts to challenge the Commissioner's final decision, she needs to provide the grounds for such challenge and address timeliness, equitable tolling, constitutional issues, and/or any other issues to the extent they are applicable. Further, the amended complaint should comply with all applicable procedural rules.

Amending the Complaint would assist the Court in determining the merits of Defendant's Motion. Assuming Plaintiff amends her Complaint in accordance with this Order, Defendant will be allowed to amend the Motion or otherwise respond to the amended complaint.

Accordingly, it is **ORDERED**:

1. **On or before July 15, 2011**, Plaintiff may file an amended complaint in accordance with this Order.

2. **On or before August 4, 2011**, Defendant may respond to the amended complaint or advise the Court whether Defendant intends to stand on the present Motion.

3. Ruling on the Motion (**Doc. 10.**) is **DEFERRED** pending the parties' compliance with this Order.

**DONE AND ORDERED** at Jacksonville, Florida, on June 8, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

*Pro Se* Party

Counsel of Record