UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOAN BUCHANAN,

    Plaintiff,

v.                                                    CASE NO. 3:11-cv-193-J-34JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss ("Motion") (Doc. 10) and Plaintiff's Response thereto ("Response") (Doc. 12). Pursuant to the Court's June 8, 2011 Order, Plaintiff filed an Amended Complaint (Doc. 14), and Defendant filed a Notice advising the Court that Defendant stands on his Motion because "Plaintiff has not provided any new or additional information which would alter the Defendant's position" (Doc. 15 at 1). Pursuant to the Court's August 17, 2011 Order, Plaintiff filed a Supplemental Response to Defendant's Motion on September 7, 2011. (Doc. 17.) Accordingly, the Motion is now ripe. For the reasons stated herein, the Court recommends that the Motion be **GRANTED** and

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

that the case be **DISMISSED without prejudice**.

**I.     Summary of Recommendation**

Plaintiff alleges that on October 29, 2010, she received a "fully favorable" decision from the Social Security Administration ("SSA"). (Doc. 14 at 1.) A copy of that decision attached to Plaintiff's initial Complaint indicates that Plaintiff was awarded Supplemental Security Income ("SSI") benefits from December 8, 2008, but she was denied disability insurance benefits ("DIB") and any benefits prior to December 8, 2008, even though her application alleged a disability onset date of October 15, 1998.[2] (Doc. 3 at 3-12.)

Plaintiff alleges that the ALJ instructed her "to pursue payment from the SSA for the prior twelve years since [Plaintiff] had sustained the complained of disability in 1998, and the SSA had erroneously failed to recognize the same disability." (Doc. 14 at 1.) Plaintiff's asserted basis of jurisdiction is: "Per the direction of [the ALJ], this court is the proper jurisdiction for reconsideration of the Plaintiff's disability claim – either as an appeal of the earlier decision or as a de novo review." (*Id.*)

Thus, Plaintiff seeks reconsideration of her disability claim(s) and "judgment declaring that [she] is entitled to receive [d]isability payments from the SSA for the period of 1998 to 2010." (Docs. 14 at 1, 3; 17 at 1 (seeking "to recover payments from 1998 to the present").) However, as the Court can review specific decisions of

---

[2] The decision indicates that Plaintiff was represented by an attorney in that proceeding. (Doc. 10-1 at 10.)

the Commissioner only by way of a proper appeal pursuant to 42 U.S.C. § 405(g), and Plaintiff has not argued or alleged that her appeal from any final decision of the Commissioner is timely or that equitable tolling applies, despite being given a number of opportunities to do so, dismissal without prejudice is recommended.[3]

## II.    Background

Plaintiff Joan Buchanan ("Buchanan") filed her *pro se* Complaint in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, on January 26, 2011. (Doc. 3.)  On March 3, 2011, Defendant removed the action to this Court and filed the present Motion on April 29, 2011. (Docs. 1, 10.)

In her original Complaint, Plaintiff alleges the following:

> Back in 1998, I filed for my disability and I was denied. Several time [sic] afterwards as well. I recently won my case in court and the judge ruled in my favor. He told me I can file a civil action against Social Security Administration if I can prove that I filed in 1998. I have that proof.

(Doc. 3.)

Plaintiff's Amended Complaint is a little more detailed. (*See* Doc. 14.) It provides in relevant part:

> 1. On October 29, 2010, Buchanan received a "fully favorable" decision from the [SSA's] Office of Disability Adjudication and Review, within the state of Massachusetts in which Judge Matthew Lewis determined that Buchanan's illness warranted a finding of disability.
> 2. Judge Lewis instructed Buchanan to pursue payment from the SSA

---

[3] Dismissal without prejudice is appropriate in case Plaintiff is able to administratively obtain from Defendant an extension to file an appeal from any particular decision(s) of Defendant.

> for the prior twelve years since Buchanan had sustained the complained of disability in 1998, and the SSA had erroneously failed to recognize the same disability.
> . . .
> Per the direction of Judge Lewis, this court is the proper jurisdiction for reconsideration of the Plaintiff's disability claim - either as an appeal of the earlier decision or as a *de novo* review.
> . . .
> 2. In 1998, Plaintiff filed for disability with the [SSA].
> 3. Plaintiff was examined by a disability physician of the SSA choosing[.]
> 4. Disability was denied without a copy of the disability physician's report ever being furnished to the plaintiff.
> 
> **The Plaintiff's Disability Claim 2008 to 2010**
> 
> 1. In 2008 Plaintiff relocated to Massachusetts.
> . . .
> 3. Plaintiff applied to the SSA in Massachusetts for Disability.
> . . .
> 5. Plaintiff [was] awarded a fully favorable decision[.]
> 
> **AS AND FOR A FIRST CAUSE OF ACTION**
> 
> 1. Plaintiff is entitled to a judgment declaring that defendant was in error when it concluded that Buchanan was not disabled in 1998.
> 2. Plaintiff is entitled to recoup disability payments for the period from 1998 to 2010 (when the Massachusetts SSA ruled in her favor).

(*Id.* at 1-3.)

The Declaration of Marian Jones, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration (the "Jones Declaration"), attached to Defendant's Motion, provides in relevant part:

> (a)   The plaintiff filed applications for Title XVI and Title II benefits on December 8, 2008, and March 18, 2009, respectively, alleging disability beginning October 15, 1998.  On October 29, 2010, an Administrative Law Judge ["ALJ"] issued a decision finding the plaintiff disabled beginning December 8, 2008, with respect to the Title XVI claim, and dismissing the request for hearing with respect to the

>    Title II claim under the doctrine of *res judicata*, citing to a previous [ALJ's] decision dated November 8, 2004, on Title II and Title XVI claims filed in May 2001.[4] The [ALJ] mailed a copy of the decision (Exhibit 1) to the plaintiff and to her attorney representative (Exhibit 2). The notice of decision advised that the Decision Review Board had not selected the claim for review and that the decision was the final decision of the [SSA]. The notice further informed the plaintiff of the right to commence a civil action within sixty (60) days from the date of receipt, or to request the Decision Review Board to extend the time to file.
>    (b)   At the time of signing this Declaration, the undersigned is not aware of any request for an extension of time to file a civil action as specified in said notice and in section 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)) and in section 405.505 of [SSA] regulations (20 CFR 405.505).

(Doc. 10-1 at 4-5.)

In short, the Motion argues that the Complaint is untimely.[5] Assuming Plaintiff is seeking review of the Commissioner's most recent decision, even though it was "fully favorable," that decision was rendered on October 29, 2010, and mailed on that day. Plaintiff was informed in the Notice of Decision that she had sixty-five days to commence a civil action in federal court for review (or until January 2, 2011), unless an extension was granted by the Decision Review Board. No such extension was sought or obtained, and Plaintiff did not file a civil action until January 26, 2011 (in

---

[4] A copy of the ALJ's decision is attached to Plaintiff's original Complaint (Doc. 3) and to the Motion (Doc. 10-1 at 6-15). The Jones Declaration is consistent with the facts and ruling stated in the decision.

[5] Because the Court agrees with Defendant that the Complaint is untimely, the Court need not address Defendant's additional arguments, *i.e.*, that there is no remaining case or controversy, that the Court does not have jurisdiction to review the Commissioner's denial to reopen Plaintiff's previous applications, and that the doctrine of *res judicata* applies.

state court). The case was not removed to this Court until March 3, 2011. Thus, Defendant argues that the Complaint should be dismissed as untimely.

### III.     Limitations Period Under 42 U.S.C. § 405(g)

Pursuant to 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days** after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). See also 20 C.F.R. § 404.981. Further, "*[d]ate you receive notice* means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period." 20 C.F.R. § 404.901. Thus, a complaint is timely filed in the district court if it is filed within sixty-five days of the Commissioner's final decision. 20 C.F.R. § 422.210(c).

"[T]he 60-day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). Thus, "it is clear that the doctrine of equitable tolling is available to a claimant whose § 405(g) challenge in the district court was untimely." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007). However, "traditional equitable tolling principles require that the claimant demonstrate *extraordinary circumstances*, such as fraud, misinformation, or deliberate concealment." *Id.* at 1355.

**IV.     Analysis**

Plaintiff is attempting to challenge the Commissioner's decision(s) on her applications filed from 1998 forward "either as an appeal of the earlier decision or as a *de novo* review." (Docs. 3, 12, 14, 17.) First, this Court cannot engage in a *de novo* review of the Commissioner's decisions. *See* 42 U.S.C. § 405(g). Moreover, this Court cannot review on appeal unspecified earlier decisions of the Commissioner dating back to 1998 absent any allegations that the appeal is timely pursuant to 42 U.S.C. § 405(g), or that equitable tolling applies.

Although the Court's June 8, 2011 Order expressly provided that Plaintiff's Amended Complaint should address, *inter alia*, the issue of timeliness, Plaintiff has failed to do so. Moreover, Plaintiff has not argued that equitable tolling of the sixty-day period applies. Even after receiving another opportunity to supplement or amend her Response to Defendant's Motion, Plaintiff has failed to address these issues. It is Plaintiff's burden to establish the existence of "exceptional circumstances that warrant equitable tolling." *Jackson*, 506 F.3d at 1353 (citing *Davila v. Barnhart*, 225 F. Supp. 2d 337, 339 (S.D.N.Y. 2002)). Moreover, "extraordinary circumstances" are defined narrowly in this Circuit. *Id.* at 1356. Without any allegations or argument that the Complaint is timely and/or that equitable tolling applies, the Court may not review the Commissioner's decision(s).

In addition, although Plaintiff does not appear explicitly to seek review of the Commissioner's October 29, 2010 decision, any such appeal is also untimely. The

Commissioner's Notice of Decision was dated October 29, 2010 (Doc. 10-1 at 6), but the Complaint was filed in state court on January 26, 2011 (Doc. 3), which is twenty-four days after the date (January 2, 2011) on which the statute of limitations had run. *See* 20 C.F.R. §§ 404.901, 404.981, 422.210(c).  The Notice of Decision fully informed Plaintiff of this deadline.

While pleadings of *pro se* litigants, like Plaintiff, are held to a less stringent standard compared to pleadings drafted by attorneys, the Court has already allowed Plaintiff an opportunity to amend her Complaint.  (*See* Doc. 13.)  In addition, although Plaintiff is currently proceeding *pro se*, the Court notes that she was represented by an attorney at the time of the ALJ's October 29, 2010 decision. (Doc. 10-1 at 10.)  Both Plaintiff and her attorney were mailed a copy of the ALJ's decision (*Id.* at 4-5) and the Notice of that decision expressly stated that Plaintiff had sixty days to file a civil action (*Id.* at 7).  Plaintiff has provided the Court with no reason to justify her late filing.

Therefore, the allegations in the Complaint and the Amended Complaint, are insufficient to allow this Court to review any decision of Defendant.  However, because the Court cannot eliminate the possibility of Plaintiff obtaining judicial review in the future, based on possible administrative reopenings or extensions of time to appeal prior decisions granted by Defendant, the undersigned will recommend that the case be dismissed without prejudice.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 10**) be **GRANTED**.

2. The case be **DISMISSED without prejudice**.

3. Any pending motions be **DENIED as MOOT**.

4. The Clerk of Court be directed to close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on September 13, 2011.

_/s/ Joel B. Toomey_
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

*Pro Se* Party

9